Argued and submitted August 27, ballot measure financial impact estimate certified August 30, 1996

Clyde V. BRUMMELL
and Henry Kane,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General,
Phil Keisling, Secretary of State,
Jim Hill, State Treasurer,
Richard A. Munn, Director, Department of Revenue,
and Jon Yunker, Director,
Department of Administrative Services,
*Respondents.*

(SC S43501)

921 P2d 1310

Clyde V. Brummell and Henry Kane, petitioners *pro se*, filed the petition. Mr. Kane argued the cause and filed the reply brief.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is an original proceeding in which petitioners challenge the financial impact estimate for 1996 Ballot Measure 32. The 1996 legislature passed Measure 32, also known as House Bill 3480, during a special session. However, the measure has been referred to the voters pursuant to Article IV, section 1(3)(b), of the Oregon Constitution.

■ A financial impact committee, comprised of the Secretary of State, the State Treasurer, the Director of the Department of Administrative Services, and the Director of the Department of Revenue, prepared and filed with the Secretary of State a draft statement estimating the financial impact of Measure 32. ORS 250.125(1) and (2); ORS 250.127(1). On July 30, 1996, the Secretary of State held a hearing in order to receive comments on the draft statement. ORS 250.127(2). The financial impact committee then filed a revised financial impact estimate with the Secretary of State, on August 6, 1996. ORS 250.127(3). Petitioners are electors who offered suggestions at the Secretary of State's hearing on the draft statement. Consequently, petitioners are entitled to challenge the procedures under which the financial impact estimate was prepared and filed. ORS 250.131(1).

■ We have considered each of petitioners' procedural challenges to the financial impact estimate. We conclude that none of those arguments demonstrates a failure by the financial impact committee or the Secretary of State to satisfy the statutory procedural requirements set forth in ORS 250.125 and 250.127. *See* ORS 250.131(2) (describing this court's standard of review). We therefore certify the following financial impact estimate:

> "Authorizes Bonds for Portland Area Light Rail,
> Transportation Projects Elsewhere
>
> "Estimate of Financial Impact:
>
> "The measure provides $750 million funding for transportation projects throughout Oregon. The measure authorizes the sale of Lottery-backed revenue bonds with a principal sum of up to $490 million, plus bond issuance costs and

reserves. Up to $375 million of the bonds will be used to finance the State's commitment toward construction of the South North Light Rail Line. Total Tri-Met expenditures from all sources, including federal funds, for the South North light rail project would be up to $1.5 billion. $115 million of the bonds will be used to finance city and county transportation projects outside the Portland metropolitan region. The bonds, plus interest, will be repaid through a Lottery revenue allocation of $21.8 million per year beginning in 1999, and increasing to $33.8 million per year beginning with the year in which the South North Lottery-backed revenue bonds are sold. If issued at current interest rates, for each $100 million in 20-year Lottery-backed revenue bonds total interest costs are estimated at $64.4 million. In addition, state General Fund revenues of $110 million will be available over a ten year period for city and county transportation projects outside the Portland metropolitan region. Local governments in the Portland metropolitan region will provide $150 million from various sources, including federal transportation funds, for cities and counties outside the Portland metropolitan region to spend on transportation projects over a ten year period."

Ballot measure financial impact estimate certified. Pursuant to ORAP 1.20(4) and notwithstanding ORAP 11.30(10), this opinion will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment at 12:00 noon on September 4, 1996, unless a petition for reconsideration is both filed with and physically received by the Office of the State Court Administrator by that time. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration.